NOT DESIGNATED FOR PUBLICATION

No. 117,922

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDRE SMITH-ALLEGREE,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 30, 2018. Affirmed.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general and legal counsel, of Lansing Correctional Facility, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: Andre Smith-Allegree (Allegree) filed a petition under K.S.A. 2017 Supp. 60-1501 to obtain relief from three disciplinary sanctions he received at El Dorado Correctional Facility (EDCF). The district court summarily dismissed Allegree's petition finding some evidence supported the hearing officer's decision to impose the sanctions. Allegree appeals the summary dismissal of his petition.

A supervisor at Allegree's place of employment at EDCF issued a disciplinary report to him. It charged Allegree with violating K.A.R. 44-12-305 (Insubordination or

Disrespect), K.A.R. 44-12-306 (Threatening or Intimidating), and K.A.R. 44-12-401 (Work Performance). Allegree has since been transferred to Lansing Correctional Facility. Allegree timely filed a form requesting the attendance of certain witnesses at his hearing but did not request the presence of Correctional Specialist I (CSI) Jeremy Meyer. CSI Meyer was listed as a staff witness on the disciplinary report.

At the completion of the hearing, the hearing officer found Allegree invaded food services staff employee (FSS) Nichole Seymour's personal space in a manner which was disrespectful and threatening. He also found Allegree followed FSS Seymour when she attempted to put space between them. Due to Allegree's actions, another individual had to be utilized to complete his work. The hearing officer found Allegree was guilty of disciplinary violations, imposed a sanction, suspended the term in disciplinary segregation, and imposed a fine.

Allegree appealed the disciplinary conviction to the Kansas Secretary of Corrections who denied the appeal. The Secretary affirmed the hearing officer's decision because there was substantial compliance with departmental and facility standards and procedures and the hearing officer's decision was based on some evidence.

Allegree petitioned for a writ of habeas corpus challenging the disciplinary conviction. In his petition, he alleged three due process violations: 1) the denial of testimony from a staff witness, 2) the denial of video evidence, and 3) failure to follow the procedural rules for disciplinary hearings. EDCF filed an answer and a motion for summary dismissal of Allegree's petition.

The district court summarily denied Allegree's 60-1501 petition. The district court found EDCF had no obligation to call CSI Meyer and further found Allegree never requested CSI Meyer be present at the disciplinary hearing or asked for a continuance for him to attend the hearing. Thus, the district court found Allegree's due process rights

2

were not violated. Additionally, the district court correctly found: "Due process does not require that prison security videos be made available to an inmate or that an inmate may be present when a hearing officer reviews a security video." See *Swafford v. McKune*, 46 Kan. App. 2d 325, Syl. ¶ 5, 263 P.3d 791 (2011). The district court also found there was some evidence to support Allegree's conviction and denied his writ of habeas corpus.

On appeal, we look to see if there was some evidence to support the hearing officer's decision. See *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 (1999) (due process is satisfied if some evidence supports the decision). Here, there was some evidence to support the hearing officer's decision.

Affirmed pursuant to Rule 7.042(b)(3) and (5) (2018 Kan. S. Ct. R. 48).